Michael J. Frevola
Christopher R. Nolan
K. Blythe Daly
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007-3189
Tel: (212) 513-3200
Fax: (212) 385-9010
E-mail: michael.frevola@hklaw.com
       chris.nolan@hklaw.com
       blythe.daly@hklaw.com

Attorneys for Plaintiff,
*Golden Ocean Group Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOLDEN OCEAN GROUP LIMITED,<br><br>                Plaintiff,<br><br>- against -<br><br>GENUINE MARITIME LTD., SA,<br><br>                Defendant. | 09 CV _____ (\_\_)<br><br>**DECLARATION IN SUPPORT OF EX PARTE MOTION TO FILE PAPERS UNDER SEAL** |

      1.    I, Christopher R. Nolan, am associated with the firm of Holland & Knight LLP, attorneys for the Plaintiff in this matter. This Declaration is submitted in support of Plaintiff's *ex parte* motion to file the Summons, Verified Complaint, Rule 7.1 Statement, Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment, Writ of Maritime Attachment and Garnishment, Order Appointing Process Server, supporting Affidavits, the Order of Sealing and this Declaration in support of the Order of Sealing, temporarily under seal for a period of thirty (30) days, pursuant to Fed. R. Civ. P. Rule 5.2(d).

      2.    This is an action to obtain a maritime attachment of the assets of Defendant Genuine Maritime Ltd., SA ("GML"), pursuant to Supplemental Rule B of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Part of the attachment process involves Plaintiff seeking to attach electronic fund transfers to or from GML while such funds are in the custody of intermediary garnishee banks located within this District. The amount sought to be attached is US$2,243,380.20.

3. When considering due process challenges to the *ex parte* aspect of Rule B applications, courts have held that due process concerns do not mandate pre-attachment notice. The right to seek an immediate post-attachment hearing under Supplemental Rule E(4)(f) was favored over pre-attachment notice because such notice could readily defeat the purpose of the ancillary security proceeding. If a defendant was made aware of the attachment order, a defendant could seek to keep its assets outside of the jurisdiction for the purpose of avoiding the attachment. Within the context of electronic fund transfers, defendants can seek to transfer funds in Euros or through related companies in order to avoid the order of attachment.

4 By temporarily sealing the Rule B application papers for thirty (30) days or until monies are attached and restrained by Plaintiff, whichever occurs first, GML is far less likely to obtain notice of Plaintiff's application because maritime attorneys within the District and around the country who subscribe to docket services, where companies alert them of new filings in this Court, will not be immediately made aware of the action and then attempt to contact GML concerning the proceedings. The first thirty days of a Rule B application are often the most critical and this temporary seal will not harm the public interest in any way.

5. In addition, a well-known international shipping trade publication, *Tradewinds*, www.tradewinds.no, has recently published articles about specific maritime attachment actions it became aware of through the Court's on-line docket system, Pacer, or a docket service. For example, over the past few months, *Tradewinds* has published numerous articles concerning

Rule B applications filed or defended by attorneys at Holland & Knight LLP that it deemed newsworthy. Plaintiff firmly believes *Tradewinds* will find this matter of particular interest because of the current economic downturn in the maritime industry; such that companies are keen to know about entities that are not meeting their normal obligations.

7. In order to prevent Defendant being made aware of Plaintiff's Rule B application by email report or newspaper publication before monies are attached and restrained, and thus defeating one of the key purposes of Rule B attachments (to obtain security in aid of an arbitration or litigation determining the substance of a maritime dispute), Plaintiff respectfully requests that the Verified Complaint and all related documents in support of the application for an Order for the issuance of Process of Maritime Attachment and Garnishment be filed under seal.

8. It is further requested that such documents remain under seal for thirty (30) days or until such time as GML's funds are attached and restrained, whichever occurs first. When assets are restrained, Plaintiff will provide GML with notice of such restraint pursuant to the requirements of Supplemental Rule B and Local Rule B.2, and will alert the Court that the sealing Order should be lifted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on June 5, 2009.

_____
Christopher R. Nolan